IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAT WORLD, INC., d/b/a LIDS TEAM SPORTS,

     Plaintiff,

vs.

KEVIN KELLY,

     Defendant.

No. 2:12-cv-1591-LKK-EFB

ORDER

     On June 26, 2012, plaintiff filed an application for an order shortening time on a motion to permit targeted discovery before the Rule 26(f) conference in this case. Dckt. No. 19; *see also* Dckt. No. 17. The motion to permit targeted expedited discovery is currently noticed for hearing on July 18, 2012; however, plaintiff seeks to conduct the expedited discovery in preparation for a July 23, 2012 hearing on plaintiff's motion for a preliminary injunction,[1] and plaintiff contends that if the hearing on the motion to expedite discovery is not held on shortened time, defendant may not have enough time to respond to the requested discovery and/or appear for deposition before the preliminary injunction hearing and the third parties who plaintiff seeks to subpoena

---

[1] The motion for a preliminary injunction seeks to restrain defendant Kelly from alleged further use and/or misappropriation of plaintiff's trade secrets, from alleged further tortious interference with plaintiff's relationships with customers and employees, and from alleged further misappropriation of plaintiff's purchase orders. Dckt. No. 7.

1

may not have enough time to respond to those subpoenas before the preliminary injunction hearing. Dckt. No. 19 at 2-3. Plaintiff therefore requests that the motion to expedite discovery be held on or before July 2, 2012. *Id.* at 4.

Plaintiff contends that defendant will not suffer prejudice if the motion to expedite discovery is heard on shortened time since plaintiff served defendant with its proposed discovery requests on June 19, 2012 as part of its meet and confer efforts; therefore, defendant "has already had adequate time to review and formulate any objections he might have to the proposed discovery requests, and despite that fact he has failed to respond in any manner to [plaintiff's] request as of the date of this filing." *Id.* at 3; Kaufman Decl., Dckt. No. 19-1, ¶7. Plaintiff further contends that "any interest [defendant] might have in the extra response time provided by a July 18 hearing date is outweighed by the need to obtain necessary information in advance of the July 23 hearing on Plaintiff's Motion for a Preliminary Injunction." Dckt. No. 19 at 3.

Plaintiff's counsel contends that she sought defendant's consent to obtain the targeted, expedited discovery, but she has not received a response from defendant. *Id.*; LeBon Decl., Dckt. No. 18, ¶¶ 3-4. Counsel contends that therefore plaintiff was unable to obtain a stipulation from defendant "either (a) as to obtaining discovery on an expedited basis in this matter, or (b) as to having its Motion to Expedite heard before July 18." Dckt. No. 19 at 3; Kaufman Decl. ¶ 8.

Eastern District of California Local Rule 144(e) provides that "[a]pplications to shorten time shall set forth by affidavit of counsel the circumstances claimed to justify the issuance of an order shortening time [and] will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in the action." In light of the representations set forth in the application to shorten time and plaintiff's counsel's declaration in support thereof, the application for an order shortening time will be granted.

////

1     Accordingly, IT IS HEREBY ORDERED that:

2     1. Plaintiff's application for an order shortening time, Dckt. No. 19, is granted.

3     2. Plaintiff's motion for expedited discovery, Dckt. No. 17, will be heard on Monday, July 2, 2012, at 2:00 p.m. in Courtroom No. 24.

5     3. The parties are reminded of the necessity of meeting and conferring in good faith, and attempting to resolve their discovery dispute prior to the court's hearing regarding the dispute. Therefore, on or before 5:00 p.m. on Thursday, June 28, 2012, the parties shall meet and confer regarding the motion for expedited discovery. Failure of any party to do so will be cause for sanctions.

10     4. If the parties are able to resolve the dispute without court intervention, plaintiff's counsel shall withdraw the motion as soon as possible.

12     5. If the parties are unable to resolve the dispute through the meet and confer process, defendant shall file a response to plaintiff's motion for expedited discovery at or before 11:00 a.m. on Friday, June 29, 2012.

15     6. At or before 5:00 p.m. on Friday, June 29, 2012, plaintiff shall file a reply to defendant's response. Plaintiff's reply shall indicate what efforts were made to meet and confer regarding the discovery dispute.

SO ORDERED.

DATED: June 27, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3