1

2

3

4

5

6

7              UNITED STATES DISTRICT COURT

8              EASTERN DISTRICT OF CALIFORNIA

9

10 HAT WORLD INC., dba LIDS TEAM   No. 2:12-CV-1591 TLN EFB
   SPORTS,
11
               Plaintiff,          **AMENDED** PRETRIAL SCHEDULING ORDER
12
        v.
13
   KEVIN KELLY,
14
               Defendant.
15 _____/

16      After reviewing the parties' Joint Motion for Modification

17 of Status Order, the Court makes the following Pretrial

18 Scheduling Order.

19      I.   SERVICE OF PROCESS

20      All named Defendants have been served and no further service

21 is permitted without leave of court, good cause having been

22 shown.

23      II.  ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

24      No joinder of parties or amendments to pleadings is

25 permitted without leave of court, good cause having been shown.

26      III. JURISDICTION/VENUE

27      Jurisdiction is predicated upon **28 U.S.C. § 1332.**

28 Jurisdiction and venue are not contested.

                              1

1      IV.  DISCOVERY

2          All discovery, with the exception of expert discovery, shall

3   be completed by **October 31, 2013.**  In this context, "completed"

4   means that all discovery shall have been conducted so that all

5   depositions have been taken and any disputes relative to

6   discovery shall have been resolved by appropriate order if

7   necessary and, where discovery has been ordered, the order has

8   been obeyed.  All motions to compel discovery must be noticed on

9   the magistrate judge's calendar in accordance with the local

10  rules of this Court.

11         Any request to deviate from the Federal Rules of Civil

12  Procedure should be made to the assigned Magistrate Judge.

13     V.   DISCLOSURE OF EXPERT WITNESSES

14         All counsel are to designate in writing, file with the

15  Court, and serve upon all other parties the name, address, and

16  area of expertise of each expert that they propose to tender at

17  trial not later than **December 31, 2013.**[1]  The designation shall

18  be accompanied by a written report prepared and signed by the

19  witness.  The report shall comply with Fed. R. Civ. P.

20  26(a)(2)(B).

21         Within twenty (20) days after the designation of expert

22  witnesses, any party may designate a supplemental list of expert

23  witnesses who will express an opinion on a subject covered by an

24  expert designated by an adverse party.

25  ///

26

27         [1] The discovery of experts will include whether any motions
    based on Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S.
    579 (1993) and/or Kumho Tire Co. v. Carmichael, 119 S. Ct. 1167
28  (1999) are anticipated.

1    The right to designate a supplemental expert for rebuttal

2  purposes only shall apply to a party who has not previously

3  disclosed an expert witness on the date set for expert witness

4  disclosure by this Pretrial Scheduling Order.

5    Failure of a party to comply with the disclosure schedule as

6  set forth above in all likelihood will preclude that party from

7  calling the expert witness at the time of trial.  An expert

8  witness not appearing on the designation will not be permitted to

9  testify unless the party offering the witness demonstrates:

10  (a) that the necessity for the witness could not have been

11  reasonably anticipated at the time the list was proffered;

12  (b) that the Court and opposing counsel were promptly notified

13  upon discovery of the witness; and (c) that the witness was

14  promptly made available for deposition.

15    For purposes of this Pretrial Scheduling Order, an "expert"

16  is any person who my be used at trial to present evidence under

17  Rules 702, 703, and 705 of the Federal Rules of Evidence, which

18  include both "percipient experts" (persons who, because of their

19  expertise, have rendered expert opinions in the normal course of

20  their work duties or observations pertinent to the issues in the

21  case) and "retained experts" (persons specifically designated by

22  a party to be a testifying expert for the purposes of

23  litigation).

24    Each party shall identify whether a disclosed expert is

25  percipient, retained, or both.  It will be assumed that a party

26  designating a retained expert has acquired the express permission

27  of the witness to be so listed.

28  ///

1   Parties designating percipient experts must state in the

2 designation who is responsible for arranging the deposition of

3 such persons.

4   All experts designated are to be fully prepared at the time

5 of designation to render an informed opinion, and give their

6 bases for their opinion, so that they will be able to give full

7 and complete testimony at any deposition taken by the opposing

8 party.  Experts will not be permitted to testify at the trial as

9 to any information gathered or evaluated, or opinion formed,

10 after deposition taken subsequent to designation.

11   Counsel are instructed to complete all discovery of expert

12 witnesses in a timely manner in order to comply with the Court's

13 deadline for filing dispositive motions.

14   VI.   <u>MOTION HEARING SCHEDULE</u>

15   The last day to hear dispositive motions shall be **April 24,**

16 **2014.**  The parties shall comply with the following filing

17 deadlines:

| | |
|---|---|
| Dispositive motion | filed at least 8 weeks prior to hearing |
| Opposition and any cross-motion | filed at least 5 weeks prior to hearing |
| Reply and opposition to cross-motion | filed at least 3 weeks prior to hearing |
| Reply to cross-motion | filed at least 1 week prior to hearing |

25   All purely legal issues are to be resolved by timely

26 pretrial motions.  Failure to comply with Local Rules 230 and

27 260, as modified by this Order, may be deemed consent to the

28 motion and the Court may dispose of the motion summarily.

4

1    Further, failure to timely oppose a summary judgment motion[2]

2  may result in the granting of that motion if the movant shifts

3  the burden to the nonmovant to demonstrate that a genuine issue

4  of material fact remains for trial.

5    The Court places a page limit for points and authorities

6  (exclusive of exhibits and other supporting documentation) of

7  twenty (20) pages on all initial moving papers, twenty (20) pages

8  on oppositions, and ten (10) pages for replies.  All requests for

9  page limit increases must be made in writing to the Court setting

10  forth any and all reasons for any increase in page limit at least

11  fourteen (14) days prior to the filing of the motion.

12    For the Court's convenience, citations to Supreme Court

13  cases should include parallel citations to the Supreme Court

14  Reporter.

15    The parties are reminded that a motion <u>in</u> <u>limine</u> is a

16  pretrial procedural device designed to address the admissibility

17  of evidence.  The Court will look with disfavor upon

18  dispositional motions presented at the Final Pretrial Conference

19  or at trial in the guise of motions <u>in</u> <u>limine</u>.

20    The parties are cautioned that failure to raise a

21  dispositive legal issue that could have been tendered to the

22  court by proper pretrial motion prior to the dispositive motion

23  cut-off date may constitute waiver of such issue.

24  ///

25  ///

26

27    [2] The Court urges any party that contemplates bringing a
28  motion for summary judgment or who must oppose a motion for
summary judgment to review Local Rule 260.

1    VII. <u>FINAL PRETRIAL CONFERENCE</u>

2    The Final Pretrial Conference is set for **June 19, 2014,** at
3    **2:00 p.m.**  At least one of the attorneys who will conduct the
4    trial for each of the parties shall attend the Final Pretrial
5    Conference.  If by reason of illness or other unavoidable
6    circumstance a trial attorney is unable to attend, the attorney
7    who attends in place of the trial attorney shall have equal
8    familiarity with the case and equal authorization to make
9    commitments on behalf of the client.

10   Counsel for all parties are to be fully prepared for trial
11   at the time of the Final Pretrial Conference, with no matters
12   remaining to be accomplished except production of witnesses for
13   oral testimony.

14   The parties shall file, not later than **May 29, 2014,** a Joint
15   Final Pretrial Conference Statement.  The provisions of Local
16   Rules 281 shall apply with respect to the matters to be included
17   in the Joint Final Pretrial Conference Statement.  In addition to
18   those subjects listed in Local Rule 281(b), the parties are to
19   provide the Court with a plain, concise statement that identifies
20   every non-discovery motion tendered to the Court and its
21   resolution.  Failure to comply with Local Rule 281, as modified
22   by this Pretrial Scheduling Order, may be grounds for sanctions.

23   At the time of filing the Joint Final Pretrial Conference
24   Statement, counsel shall also electronically mail to the Court in
25   digital format compatible with Microsoft Word, the Joint Final
26   Pretrial Conference Statement in its entirety including the
27   witness and exhibit lists.  **These documents shall be sent to:**
28   **tlnorders@caed.uscourts.gov.**

1      The parties should identify first the core undisputed facts

2 relevant to all claims.  The parties should then, in a concise

3 manner, identify those undisputed core facts that are relevant to

4 each claim.  The disputed facts should be identified in the same

5 manner.  Where the parties are unable to agree as to what

6 disputed facts are properly before the Court for trial, they

7 should nevertheless list all disputed facts asserted by each

8 party.  Each disputed fact or undisputed fact should be

9 separately numbered or lettered.

10      Each party shall identify and concisely list each disputed

11 evidentiary issue which will be the subject of a motion in

12 limine.

13      Each party shall identify the points of law which concisely

14 describe the legal issues of the trial which will be discussed in

15 the parties' respective trial briefs.  Points of law should

16 reflect issues derived from the core undisputed and disputed

17 facts.  Parties shall not include argument or authorities with

18 any point of law.

19      The parties shall prepare a joint statement of the case in

20 plain concise language which will be read to the jury at the

21 beginning of the trial.  The purpose of the joint statement is to

22 inform the jury what the case is about.

23      The parties are reminded that pursuant to Local Rule 281

24 they are required to list in the Joint Final Pretrial Conference

25 Statement all witnesses and exhibits they propose to offer at

26 trial.  After the name of each witness, each party shall provide

27 a brief statement of the nature of the testimony to be proffered.

28 The parties may file a joint list or each party may file separate

1  lists.   These list(s) shall not be contained in the body of the

2  Joint Final Pretrial Conference Statement itself, but shall be

3  attached as separate documents to be used as addenda to the Final

4  Pretrial Order.

5      Plaintiff's exhibits shall be listed numerically.

6  Defendants' exhibits shall be listed alphabetically.   The parties

7  shall use the standard exhibit stickers provided by the Court

8  Clerk's Office: pink for plaintiff and blue for defendant.   In

9  the event that the alphabet is exhausted, the exhibits shall be

10 marked "AA-ZZ" and "AAA-ZZZ" etc.   After three letters, note the

11 number of letters in parenthesis (i.e., "AAAA(4)") to reduce

12 confusion at trial.   All multi-page exhibits shall be stapled or

13 otherwise fastened together and each page within the exhibit

14 shall be numbered.   All photographs shall be marked individually.

15 The list of exhibits shall not include excerpts of depositions,

16 which may be used to impeach witnesses.   In the event that

17 Plaintiff and Defendants offer the same exhibit during trial,

18 that exhibit shall be referred to by the designation the exhibit

19 is <u>first</u> <u>identified</u>.   The Court cautions the parties to pay

20 attention to this detail so that all concerned, including the

21 jury, will not be confused by one exhibit being identified with

22 both a number and a letter.

23     The Final Pretrial Order will contain a stringent standard

24 for the offering at trial of witnesses and exhibits not listed in

25 the Final Pretrial Order, and the parties are cautioned that the

26 standard will be strictly applied.   On the other hand, the

27 listing of exhibits or witnesses that a party does not intend to

28 offer will be viewed as an abuse of the court's processes.

1    The parties also are reminded that pursuant to Rule 16 of

2 the Federal Rules of Civil Procedure it will be their duty at the

3 Final Pretrial Conference to aid the Court in: (a) the

4 formulation and simplification of issues and the elimination of

5 frivolous claims or defenses; (b) the settling of facts that

6 should properly be admitted; and (c) the avoidance of unnecessary

7 proof and cumulative evidence.  Counsel must cooperatively

8 prepare the Joint Final Pretrial Conference Statement and

9 participate in good faith at the Final Pretrial Conference with

10 these aims in mind.  A failure to do so may result in the

11 imposition of sanctions which may include monetary sanctions,

12 orders precluding proof, elimination of claims or defenses, or

13 such other sanctions as the Court deems appropriate.

14    VIII.  <u>TRIAL BRIEFS</u>

15    The parties shall file trial briefs not later than **June 5,**

16 **2014.**  Counsel are directed to Local Rule 285 regarding the

17 content of trial briefs.

18    IX.   <u>EVIDENTIARY AND/OR PROCEDURAL MOTIONS</u>

19    Any evidentiary or procedural motions are to be filed by **May**

20 **29, 2014.**  Oppositions must be filed by **June 5, 2014,** and any

21 reply must be filed by **June 19, 2014.**  The motions will be heard

22 by the Court at the same time as the Final Pretrial Conference.

23    X.   <u>TRIAL SETTING</u>

24    The trial is set for **August 25, 2014, at 9:00 a.m.**  Trial

25 will be by jury.  The panel will consist of **eight (8) jurors.**

26 The parties estimate a trial length of **seven (7) days.**

27 ///

28 ///

9

1        XI.   <u>SETTLEMENT CONFERENCE</u>

2        At the Final Pretrial Conference, the Court may set a

3  settlement conference if the parties so request.  In the event no

4  settlement conference is requested, the parties are free to

5  continue to mediate or attempt to settle the case with the

6  understanding that the trial date is a firm date.

7        In the event a settlement conference is set by the Court,

8  counsel are instructed to have a principal with full settlement

9  authority present at the Settlement Conference or to be fully

10 authorized to settle the matter on any terms.  At least seven (7)

11 calendar days before the settlement conference, counsel for each

12 party shall submit to the chambers of the settlement judge a

13 confidential Settlement Conference Statement.  Such statements

14 are neither to be filed with the Clerk nor served on opposing

15 counsel.  Each party, however, shall serve notice on all other

16 parties that the statement has been submitted.  If the settlement

17 judge is not the trial judge, the Settlement Conference Statement

18 shall not be disclosed to the trial judge.

19       Notwithstanding the foregoing, the parties may request a

20 settlement conference prior to the Final Pretrial Conference if

21 they feel it would lead to the possible resolution of the case.

22 In the event an early settlement conference date is requested,

23 the parties shall file said request jointly, in writing.  The

24 request must state whether the parties waive disqualification,

25 pursuant to Local Rule 270(b), before a settlement judge can be

26 assigned to the case.  Absent the parties' affirmatively

27 requesting that the assigned Judge or Magistrate Judge

28 participate in the settlement conference AND waiver, pursuant to

10

1  Local Rule 270(b), a settlement judge will be randomly assigned

2  to the case.

3       XII. <u>VOLUNTARY DISPUTE RESOLUTION PROGRAM</u>

4       Pursuant to Local Rule 271 parties will need to lodge a

5  stipulation and proposed order requesting referral to the

6  Voluntary Dispute Resolution Program.

7       XIII.  <u>MODIFICATION OF PRETRIAL SCHEDULING ORDER</u>

8       The parties are reminded that pursuant to Rule 16(b) of the

9  Federal Rules of Civil Procedure, the Pretrial Scheduling Order

10  shall not be modified except by leave of court upon a showing of

11  **good cause.**  Agreement by the parties pursuant to stipulation

12  alone to modify the Pretrial Scheduling Order does not constitute

13  good cause.  Except in extraordinary circumstances.

14       XIV. <u>OBJECTIONS TO PRETRIAL SCHEDULING ORDER</u>

15       This Pretrial Scheduling Order will become final without

16  further order of the Court unless objections are filed within

17  seven (7) <u>court</u> days of service of this Order.

18       IT IS SO ORDERED.

19  DATED: June 11, 2013

20

21

22

23                          Troy L. Nunley
                            United States District Judge
24

25

26

27

28